IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| CARMEN MIRANDA<br>913 Pratt Street<br>Philadelphia, PA 19124<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY CHOICE PLUS, INC.<br>1939 North Front Street<br>Philadelphia, PA 19125; AND<br><br>KHEIRALLAH AHMAD<br>1905 N. Mascher Street<br>Philadelphia, PA 19122<br><br>Defendants. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

---

## **COMPLAINT – CIVIL ACTION**

Plaintiff Carmen Miranda ("Plaintiff"), by and through her undersigned counsel, brings this Complaint against Liberty Choice Plus, Inc. ("Liberty Choice") and Kheirallah Ahmad ("Ahmad") (collectively, "Defendants"), and alleges as follows:

## **NATURE OF THE ACTION**

1. Plaintiff brings this Complaint contending that Defendants failed to pay her overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*, and retaliated against her for her internal complaints regarding Defendants' failure to pay the same in violation of the FLSA.

2. Plaintiff is a current employee of Defendants where she is employed as a Cashier. During the course of her employment, Plaintiff regularly worked more than forty (40) hours per

week, but was not properly compensated for her work and/or was not paid overtime compensation as required by the FLSA and PMWA.

3. As a result of Defendants' improper and willful failure to pay Plaintiff in accordance with the requirements of the FLSA/PMWA, Plaintiff has suffered damages.

4. Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her federal law claims. See 28 U.S.C. § 1367(a).

7. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendants' principal place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## PARTIES

8. Plaintiff Carmen Miranda is a citizen of Pennsylvania and the United States with a current address at 913 Pratt Street, Philadelphia, PA 19124.

9. Defendant Liberty Choice Plus, Inc., is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Secretary of State at 1939 North Front Street, Philadelphia, PA 19125.

10. Upon information and belief, Defendant Kheirallah Ahmad is an owner and principal of Defendant Liberty Choice. Upon information and belief, Ahmad maintains operational control over Liberty Choice, exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendant Liberty Choice, including, but not limited to, Plaintiff.

11. Defendants are "covered employers" and are engaged in commerce and covered by the FLSA.

12. As an "association" and "corporation" which employs individuals in the Commonwealth of Pennsylvania, Liberty Choice is an "employer" and covered for purposes of the PMWA.

13. During the course of her employment with Defendants, Plaintiff was engaged in commerce within the meaning of the FLSA in that she performed work involving goods purchased and/or ordered from locations outside of Pennsylvania.

14. Upon information and belief, Defendant Liberty Choice is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sale or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) who handle, sell, or otherwise work on goods or material that have been moved in or produced for commerce.

15. Plaintiff was an employee who has been employed by Defendants during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

16. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment and for Defendants.

## FACTUAL BACKGROUND

17. Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18. In or around June 2014, Defendants hired Plaintiff in the position of Cashier at their grocery store located at 1939 N Front St, Philadelphia, PA 19122.

19. Throughout the course of her employment, Plaintiff performed her job well, receiving occasional praise and no significant discipline.

20. At all times material hereto, Plaintiff was paid an hourly rate and was not paid on a bona fide salary or fee basis.

21. From the outset of her employment, Plaintiff routinely worked over forty (40) hours per workweek. Specifically, until the unlawful retaliation alleged below, Plaintiff typically worked approximately fifty-four (54) hours per week.

22. Plaintiff regularly worked nine (9) hour shifts, Monday through Saturday, during a typical workweek.

23. Despite working in excess of forty (40) hours during a workweek, Plaintiff was not compensated at 1.5 times her regular rate of pay for the hours worked in excess of forty (40) hours per workweek.

24. Rather, Plaintiff was compensated at less than her regular rate of pay with cash for the remaining hours owed above forty (40) hours worked.

25. In or around July 2017, Plaintiff requested a raise and began receiving an additional $30 per week in cash.

26. In or around July 2018, Plaintiff requested a raise and began receiving an additional $35 per week in cash.

27. On August 9, 2019, Plaintiff received a raise of $1 per hour.

28. From in or around June 2014 to the present, Plaintiff was not paid overtime compensation at a rate of 1.5 times her regular rate of pay for hours worked in excess of forty (40) in a workweek.

29. By way of example, during the workweek of August 4, 2019, Plaintiff worked approximately fifty-four (56) hours, but did not receive an overtime premium at 1.5 times her regular rate of pay for the approximately sixteen (16) hours of overtime she worked above forty (40) hours.

30. On or around August 16, 2019, Defendant inadvertently gave Plaintiff the paystub of another employee, Esmeralda Gonzalez ("Ms. Gonzalez"), which reflected that, unlike Plaintiff, Ms. Gonzalez was being paid time and half for her overtime hours, and was being paid for those hours through Defendant's payroll, rather than in cash.

31. Upon reviewing Ms. Gonzalez's check, Plaintiff complained to her supervisor, Mahdi Ahmad ("Mahdi Ahmad"), who is Defendant Ahmad's son, and Defendant Ahmad, about Defendant's failure to properly pay her overtime compensation.

32. Soon thereafter, Defendant began retaliating against Plaintiff reducing her work hours, first by cutting her Saturday hours, on or around August 31, 2019 and then by cutting her Wednesday hours, on or around September 13, 2019.

33. As a result of this retaliation, Plaintiff's work hours were reduced from approximately fifty-four (54) per week down to just thirty-two (32) hours per week.

34. Additionally, following Plaintiff's complaints regarding Defendant's failure to properly pay her overtime compensation, Mahdi Ahmad and Defendant Ahmad both avoided speaking with Plaintiff, using family members to pass messages to her rather than speak to her directly, in an attempt to create a hostile work environment and push Plaintiff to quit.

35. As a result of the aforementioned retaliation, Plaintiff has suffered lost wages in addition to not being properly paid overtime compensation.

36. Upon information and belief, Defendants failed to post, or otherwise notify their employees of a summary of the Fair Labor Standards Act and its regulations in a conspicuous place in their place of business that Plaintiff regularly reported to in violation of the FLSA and its implementing regulations. See 29 C.F.R. § 516.4.

37. The above-referenced behavior evidences the willfulness of Defendants' violations of the FLSA and PMWA.

38. In violation of the FLSA and PMWA, Defendants unlawfully failed to track, record, and report all the hours worked by Plaintiff.

39. Plaintiff was non-exempt from the overtime requirements of the FLSA/PMWA because she was compensated on an hourly basis. Because Plaintiff was paid hourly, she did not qualify for the executive or administrative exemptions under the FLSA/PMWA, both of which require Plaintiff to be paid on a bona fide salary or fee basis. See 29 CFR §§ 541.100 and 541.200.

40. Plaintiff further did not qualify for the exemption for executive employees under the FLSA/PMWA, as she does not have the authority to hire, fire, or discipline other employees

of Defendants, nor did she make recommendations with respect to employee status changes to which Defendants gives substantial weight.

41. Plaintiff also does not qualify for the exemption for administrative employees under the FLSA/PMWA, as her primary duties, which involved routine cashier and clerical duties, did not include the performance of work directly related to Defendants' management or general business operations, nor did she exercise discretion or independent judgment regarding matters of significance to Defendants.

42. Finally, there are no other exemption under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

43. Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendants and therefore entitled to overtime compensation for all hours worked over forty (40) in a workweek.

44. Defendants were aware that Plaintiff was entitled to overtime compensation, but intentionally chose not to comply with the requirements of the FLSA.

45. Plaintiff engaged in protected activity under the FLSA by submitting internal complaints regarding Defendants' failure to pay overtime compensation as required by the statute.

46. It is believed and therefore averred that Defendants substantially reduced Plaintiff's work hours and otherwise discriminated against her in retaliation for engaging in protected activity in violation of the FLSA.

47. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered

mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

48. Paragraphs 1 through 47 are hereby incorporated by reference as though the same were fully set forth at length herein.

49. Pursuant to Section 206 of the FLSA, all employees must be compensated for every hour worked in a workweek.

50. Moreover, Section 207(a) of the FLSA states that an employee must be paid overtime, equal to 1.5 times his or her regular rate of pay, for all hours worked in excess of forty (40) hours per week.

51. According to the policies and practices of Defendants, Plaintiff has worked in excess of forty (40) hours per workweek. Despite working in excess of forty (40) hours per workweek, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA. Defendants failed to pay Plaintiff at a rate of at least 1.5 times her regular rate of pay for each hour Plaintiff worked in excess of forty (40) hours in a workweek.

52. The foregoing actions of Defendants and the policies and practices of Defendants violated the FLSA.

53. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

54. Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

B. Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime pay to Plaintiff for the work performed in excess of forty (40) hours per week;

C. Awarding Plaintiff's back pay wages and/or overtime wages in an amount consistent with the FLSA;

D. Awarding Plaintiff liquidated damages in accordance with the FLSA;

E. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

F. Awarding pre- and post-judgment interest and court costs as further allowed by law;

G. All additional general and equitable relief Plaintiff may be entitled.

### COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333.101, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

55. Paragraphs 1 through 54 are hereby incorporated by reference as though the same were fully set forth at length herein.

56. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  See 43 P.S. § 333.104.

57. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid overtime not less than one and one-half times the employee's regular rate: for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.104.

58. By its actions alleged above, Defendants violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

59. As a result of Defendants' unlawful acts, Plaintiff has been deprived overtime compensation in amounts to be determined at trial, and is entitled to the recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the PMWA; and

C. An award to Plaintiff for any other damages available to her under appliable Pennsylvania law, and all such relief as this Court may deem just and proper.

**COUNT III**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 215,** *et seq.*
**RETALIATION**

60. Paragraphs 1 through 59 are hereby incorporated by reference as though the same were fully set forth at length herein.

61. Plaintiff engaged in protected activity under the FLSA by submitting internal complaints regarding Defendants' failure to pay overtime compensation in accordance with the statute.

62. Following Plaintiff's complaints about Defendants' failure to pay overtime compensation, Defendants substantially reduced Plaintiff's work hours, resulting in lost wages.

63. By reason of the foregoing, Defendants, through their agents, officers, servants, and/or employees violated the FLSA by discriminating against Plaintiff with respect to the terms and conditions of her employment in retaliation for engaging in protected activity under the FLSA.

64. As a result of Defendants' deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages and front pay in an amount to be determined at trial;

b) Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

d) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

e) Pre-judgment interest in an appropriate amount;

f) Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ Michael Groh
Michael Murphy, Esq.
Michael Groh, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: August 4, 2020

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.